# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 PENSION FUND, BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 ANNUITY FUND, BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 WELFARE FUND, BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 SCHOLARSHIP FUND; BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 APPRENTICESHIP FUND, BOARD OF TRUSTEES, PIPEFITTERS LOCAL UNION NO. 74 EDUCATIONAL/PAC FUND, AND LOCAL UNION #74 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA<br><br>    Plaintiffs,<br> v.<br><br>JONES LANG LASALLE AMERICAS, INC.<br><br>    Defendant. | C.A. No. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(c); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. The Plaintiffs have standing to bring this action pursuant to 29 U.S.C. §§ 185(b) and 1132(d).

3.  A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

**VENUE**

4.  Venue lies in the District of Delaware under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

**PARTIES**

5.  Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Pension Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Pension Fund ("Pension Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) which is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3), which is administered and has its principal place of business in this district at the address in the caption of this Complaint.  Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a)(2), 1002(16), (21). The Pension Fund is referenced as "Pension Fund" in the Labor Agreement relating to this complaint.

6.  Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Annuity Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3), which is administered and has its principal place of business in this district at the address in the caption of this Complaint.  The Annuity Fund is referenced as "Annuity Fund" in the Labor Agreements relating to this complaint.

7. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Welfare Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Welfare Fund ("Welfare Fund"), a "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3), which is administered and has its principal place of business in this district at the address in the caption of this Complaint. The Welfare Fund is also known as and referenced as "Health and Welfare Fund" in the Labor Agreements relating to this complaint.

8. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Scholarship Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Scholarship Fund ("Scholarship Fund"), a trust fund established under 29 U.S.C. § 186(c)(7) for the purpose of awarding scholarships to the children of Union members, and an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1), and (3) which is administered and has its principal place of business in this district at the address in the caption of this Complaint. The Scholarship Fund is referenced as "Scholarship Fund" in the Labor Agreements relating to this complaint.

9. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Apprenticeship Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Apprenticeship Fund ("Apprenticeship Fund" and together with the Pension Fund, Annuity Fund, Welfare Fund and Scholarship Fund, the "Funds") is a trust fund established under 29 U.S.C. § 186(c)(6) and an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1), and (3) which is administered and has its principal place of business in this district at the address in the caption of this Complaint.   The Apprenticeship Fund is also known as and referenced as "Apprentice Training Fund" in the Labor Agreements relating to this

complaint.

10. The trustees of the Funds are the "named fiduciary," "plan administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each trustee is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee benefit plan," within the meaning of 29 U.S.C. §§1002(37), (1).

11. Plaintiff Pipefitters Local No. 74 Educational/PAC and Building Funds (hereinafter, "PAC"), are unincorporated associations established pursuant to 2 U.S.C. §431 et seq. for the purpose of advancing the political interests of the members of the union by, e.g., lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAC is administered from offices located at the address in the caption.

12. Plaintiff, Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union," and together with PAC and the Funds, "Plaintiffs"), is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Defendants, who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), and 185(a). The Union maintains its principal place of business at the address listed in the caption. The Union is the exclusive bargaining agent and representative of employees of Jones Lang Lasalle Americas, Inc. performing the work at issue in this Complaint. The Union has the right to enforce the contractual and other rights of such employees in this action.

13. Defendant Jones Lang Lasalle Americas, Inc. ("Company") is a Maryland corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the

caption.  Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office in this district.

## COMMON FACTS

14. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of one or more collective bargaining agreements (singly or jointly, "Labor Contracts") with the Union.  True and correct copies of the cover pages, tables of contents, contribution provisions and joinder or signature pages of the Labor Contracts are attached as Exhibit 1.

15. The Labor Contracts pertain to covered work performed at 500 Stanton-Christiana Road, Newark, Delaware (also referred to in Plaintiff's documents as "Jones Lang Lasalle-NY") and 3 Boulden Circle, New Castle, Delaware (also referred to in Plaintiffs' documents as "Jones Lang Lasalle-Honeywell").

16. The Company also agreed to abide by the terms of the applicable Agreement and Declaration of Trust ("Trust Agreements") and the plan documents for each of the ERISA Funds. True and correct copies of the relevant portions and signature pages of the Trust Agreements for the Pension Fund, Annuity Fund, Welfare Fund, Scholarship Fund and Apprenticeship Fund are attached as Exhibits 2-6 respectively.

17. Under the Labor Contract, Trust Agreements, and other plan documents and policies of the Funds, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents.  *See* Ex. 2, Art. IV, § 4.01; Ex. 3, Art. IV, § 4.2; and Ex. 4, Art. IV, § 4.01.

   (b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. *See* Ex. 2, Art. IV, § 4.01; Ex. 3, Art. IV, § 4.3; and Ex. 4, Art. IV, § 4.01.

   (c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan.  *See* Ex. 2, Art. VII, § 7.03; Ex. 3, Art. VII, § 7.25; and Ex. 4, Art. VII, § 7.03.

   (d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c).  *See* Ex. 2, Art. VII, § 7.01-7.02; Ex. 3, Art. VII, § 7.29; Ex. 4, Art. VII, § 7.01-7.02; and Ex. 8.

   (e) To withhold dues and PAC contributions and/or other amounts from net hourly wages on a timely basis and pay over the same to Union. *See* Ex. 1 (A), Art. VII, § 5; Ex. 1 (B), § 9(a).

  18. Plaintiffs' auditors performed payroll compliance audits of Company's financial and business records for the periods of March, 2015 through December, 2015, and January, 2016 through December 2018 pursuant to the terms of the Labor Contract and above referenced Trust and plan documents. The audits, dated August 15, 2017 (completion date, revised June 12, 2018), October 23, 2018 (release date) and November 29, 2018 (release date), revealed delinquent contributions owed to the Funds.

  19. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## **COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN**

### FUNDS
### v.
### COMPANY

20. The allegations of Paragraph 1 through 19 are incorporated by reference as if fully restated.

21. Based on information currently available to the Funds, Company has failed to pay amounts due under the Labor Contract, Trust Agreements and plan documents for the Funds for the periods March 2015 through December 2015 and January 2016 through December 2018 in at least the sum of $1,251,264.51 (contributions of $705,214.23 plus interest and liquidated damages but exclusive of attorney fees and costs) in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 7.

22. The Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by the Funds' Collection Policy (or, in the alternative, the rate specified at 26 U.S.C. § 6621) from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the Funds, and 29 U.S.C. § 1132(g)(2).

  (2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
**v.**
**COMPANY**

  23. The allegations of Paragraphs 1 through 22 are incorporated by reference as if fully restated.

  24. Company has not paid contributions to the Plaintiffs as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the Funds

  25. Under the Labor Contract, Company is also required to remit dues and PAC contributions and/or other amounts withheld from net hourly wages on a timely basis. Upon information and belief, Company withheld from net hourly wages and other amounts to the Union in at least the amount of $19,410.49 but has not paid said amount to the Union.

  26. Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contract, Trust Agreements and plan documents for the Funds for the periods March 2015 through December 2015 and January 2016 through December 2018 in at least the sum of $1,284,470.00 (contributions of $724,624.72 plus interest, liquidated damages, and audit costs but exclusive of attorney fees and costs) as detailed on the attached Exhibit 7.

  27. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

  **WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest pursuant to the Funds' Collection Policy, and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III – CONVERSION OF AMOUNTS WITHHELD FROM EMPLOYEE PAY FOR CONTRIBUTIONS

**UNION AND PAC**
**v.**
**COMPANY**

28. The allegations in Paragraphs 1 through 19 and 23 through 27 are incorporated by reference.

29. Upon information and belief, Company has tortiously converted property withheld from employee pay and held in trust for the Union and PAC, without lawful justification.

30. Demand has been made on Company for return of the property.

31. Union and PAC have been damaged by the conversion of assets held for them by Company in trust.

**WHEREFORE**, Union and PAC ask that the Court:

(1) Award damages and make the Union and PAC whole for any losses resulting from the tortious conversion of property, including the fair value of such property, and actual proceeds, product, offspring, rents or profits of such property that at any time came into

9

Defendants' possession, custody or control or was used by them to reduce their liability for other debts.

   (2) Restore any profits and the fair value of use or lost opportunity from the use of trust funds; and

   (3) Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

            Respectfully submitted,

            **YOUNG CONAWAY**
            **STARGATT & TAYLOR, LLP**

            */s/ Curtis J. Crowther*
            Timothy J. Snyder (No. 2408)
            Curtis J. Crowther (No. 3238)
            Rodney Square, 1000 North King Street
            Wilmington, DE 19801
            Phone: (302) 571-6600
            Fax: (302) 571-1253
            tsnyder@ycst.com / ccrowther@ycst.com

            *Attorneys for Plaintiffs*

Dated: February 10, 2020